J-S68011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES BEATTY, | |
| Appellant | No. 2960 EDA 2014 |

Appeal from the Judgment of Sentence entered June 25, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007216-2010

BEFORE: BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 01, 2015**

Charles Beatty (Appellant) appeals *nunc pro tunc* from the judgment of sentence of two to four years' incarceration, followed by five years' probation, imposed after he pled guilty to corrupting the morals of a minor and indecent assault of a person less than 13 years of age. On appeal, Appellant seeks to raise a claim involving plea counsel's ineffectiveness, and a challenge to the court's denial of his pre-trial Pa.R.Crim.P. 600 motion to dismiss the charges against him. Additionally, his counsel, Todd M. Mosser, Esq., seeks permission to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), as elucidated by our Supreme Court in **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and amended in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). After review, we agree with counsel that Appellant's claims are

frivolous, and there are no other non-frivolous issues he could assert on appeal. Therefore, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

On June 25, 2012, Appellant entered a negotiated guilty plea to the two above-stated offenses, and was sentenced to the agreed upon term of two to four years' incarceration, followed by five years' probation.[1] Appellant's sentence was imposed to run concurrently with a sentence he was then serving in an unrelated case. *See* Notes of Testimony (N.T.), 6/25/12, at 12. According to the trial court, "[o]n July 6, 2012, [Appellant] sent a *pro se* letter to the [c]ourt requesting reconsideration of sentence or withdrawal of the guilty plea…." Trial Court Opinion (TCO), 12/24/14, at 2. For some reason, Appellant's *pro se* motion to withdraw his plea was not docketed or included in the certified record. However, the docket does indicate that the court issued an order denying that motion on July 19, 2012.[2]

---

[1] In exchange for Appellant's guilty plea, the Commonwealth *nolle prossed* charges of unlawful contact with a minor, and aggravated indecent assault of a child.

[2] We also note that the trial court states that "[o]n July 11, 2012[,] Carina Laguzzi, Esquire[,] filed a motion to withdraw as counsel [for Appellant] and for new counsel to be appointed, which this [c]ourt granted on July 13, 2012." Again, neither counsel's petition to withdraw nor the court's order granting that petition were entered on the docket or included in the certified record.

Appellant did not file a direct appeal from his judgment of sentence. However, on August 3, 2012, he filed a *pro se* PCRA petition and counsel was appointed. While that attorney subsequently petitioned for, and was granted, permission to withdraw, Attorney Mosser subsequently entered his appearance on Appellant's behalf. On January 31, 2014, Attorney Mosser filed an amended PCRA petition seeking the reinstatement of Appellant's direct appeal rights *nunc pro tunc*. On September 19, 2014, the PCRA court granted Appellant's petition and reinstated his right to file an appeal from his judgment of sentence. Appellant filed a *nunc pro tunc* notice of appeal, after which the court issued an order directing him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Attorney Mosser filed a Rule 1925(c)(4) statement of his intent to file an **Anders/McClendon** brief.

Before this Court, Attorney Mosser twice requested extensions of time to file a brief on Appellant's behalf. Both requests were granted; however, when the due date of April 26, 2015 passed, this Court dismissed the appeal by order dated May 19, 2015. That same day, counsel filed an application to reinstate the appeal, which we granted. **See** Order, 5/26/15. On June 1, 2015, Attorney Mosser filed an **Anders** brief and a petition to withdraw. In response, Appellant filed a "Pro se Application for the Removal of Counsel and Appointment of New Counsel," which was denied by this Court in a *per curiam* order, dated July 21, 2015. The order also directed that Appellant

was permitted to file a response to the **Anders** brief and the petition to withdraw. No response from Appellant has been received by this Court.

When counsel seeks to withdraw before this Court, we "must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of

- 4 -

*Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Mosser's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support an appeal on Appellant's behalf, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. In a letter directed to Appellant, which Attorney Mosser attached to his petition to withdraw, Attorney Mosser states that he provided Appellant with a copy of his *Anders* brief, and he informs Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other non-frivolous issues he could pursue on appeal.

From Attorney Mosser's *Anders* brief and petition to withdraw, we glean that Appellant desired to raise two issues on appeal: (1) that his plea counsel failed to show Appellant discovery in his case, or tell him that the victim may not have been available to testify at trial; and (2) that the trial

court erred by denying his pre-trial Rule 600 motion to dismiss the charges against him.

Initially, Attorney Mosser explains that Appellant's first issue is essentially an allegation of ineffective assistance of plea counsel and, thus, it must be raised in a PCRA petition. **See Anders** Brief at 11 (citing **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013) (reaffirming the prior holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the PCRA)). Because the specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case, we agree with Attorney Mosser that an attempt by Appellant to assert this issue herein would be frivolous. **See Holmes**, 79 A.3d at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review").

We also agree with Attorney Mosser that Appellant's desire to challenge the court's denial of his Rule 600 motion is frivolous because Appellant waived any such challenge by pleading guilty. **See Commonwealth v. Rush**, 909 A.2d 805, 807 (Pa. Super. 2006) (noting that, upon entering a guilty plea, an appellant waives "his right to challenge

on appeal all non-jurisdictional defects except the legality of his sentence and the validity of his plea"). We are aware of no legal authority suggesting that a violation of Rule 600 constitutes a 'jurisdictional defect.' Accordingly, a challenge to the court's denial of Appellant's Rule 600 motion would be frivolous.

In sum, we agree with Attorney Mosser that the specific claims Appellant wishes to raise on appeal are frivolous. We have also independently reviewed the record and ascertain no other issues of arguable merit that Appellant could raise herein. Notably, the record demonstrates that Appellant's plea was knowingly, intelligently, and voluntarily entered after he completed a written plea colloquy and the court conducted a thorough oral colloquy. Nothing in the record suggests that the trial court's decision to deny Appellant's post-sentence motion to withdraw his plea resulted in a manifest injustice. *See Commonwealth v. Broaden*, 980 A.2d 124, 129 (Pa. Super. 2009) ("A defendant must demonstrate that a manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea."). Additionally, Appellant received a legal sentence that complied with his negotiated plea agreement. Consequently, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Counsel's petition to withdraw granted.

Judge Donohue joins this memorandum.

Judge Mundy concurs in the result.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2015